# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KENDALL N. MOORE, | ) | |
| Movant, | ) ) ) | |
| v. | ) | No. 4:16-CV-1047 ERW |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Kendall Moore to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The motion is denied.

On March 6, 2013, movant pled guilty to manufacturing marijuana, possession with intent to distribute marijuana, felon in possession of a firearm, and maintaining a drug involved premises. *United States v. Moore*, No. 4:12-CR-255 ERW. The Court sentenced her to ninety-five months' imprisonment. She did not appeal, and she did not file a timely § 2255 motion.

In this action, movant argues that she is entitled to relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Court held the "residual clause" of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The ACCA enhances the punishment for firearms offenses under 18 U.S.C. § 922(g) when the defendant has at least three prior convictions for a serious drug offense or a "violent felony." The term "violent felony" is defined in the ACCA as felony offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(B) (emphasis

added). The "otherwise involves" language of the ACCA is the residual clause that the Supreme Court found unconstitutional. *Johnson*, 135 S.Ct. at 2563.

Movant's sentence was not enhanced under the ACCA. Nor was her base level enhanced under § 2K2.1 of the United States Sentencing Guidelines for a prior "crime of violence." Under § 2K2.1, her base level was calculated to be 20 because she was found to have possessed at least one "semiautomatic firearm that is capable of accepting a large capacity magazine." As a result, *Johnson* does not provide her with relief, and the motion is denied.

Finally, movant has not met the burden for issuing a certificate of appealability because she has not demonstrated "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Kendall Moore to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

Judgment will be entered forthwith.

So Ordered this 3rd day of August, 2016.

*/s/ E. Richard Webber*

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE